BENJAMIN B. WAGNER
United States Attorney
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone:  (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | 2:11-CV-01812-KJM-GGH |
|---|---|
| Plaintiff, | FINAL JUDGMENT OF FORFEITURE |
| v. | |
| REAL PROPERTY LOCATED AT 13991 DEADMANS FLAT ROAD, GRASS VALLEY, CALIFORNIA, NEVADA COUNTY, APN NO: 53-180-28, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO, | |
| Defendant. | |

Pursuant to the Stipulation for Final Judgment of Forfeiture, the Court finds:

1.   This is a civil forfeiture action against the following real property located at 13991 Deadmans Flat Road, Grass Valley, California, Nevada County, APN: 53-180-28, (the "defendant property") and more fully described in Exhibit A attached hereto and incorporated herein by reference.

2.   A Verified Complaint for Forfeiture *In Rem* ("Complaint") was filed on July 8, 2011, alleging the defendant property is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(7).

3.   On August 3, 2011, the defendant property was posted with a copy of the Complaint and Notice of Complaint.

4. Beginning on July 19, 2011, for at least 30 consecutive days, the United States published Notice of the Forfeiture Action on the official internet government forfeiture site www.forfeiture.gov. A Declaration of Publication was filed on September 8, 2011.

5. In addition to the public notice on the official internet government forfeiture site www.forfeiture.gov, actual notice or attempted notice was given to the following individuals or entities:

    a. Tiana Ingram

    b. Clifford B. Campbell

    c. Celeste Campbell

    d. Peter Fineberg[1]

6. Claimant Tiana Ingram filed a Verified Claim alleging an interest in the defendant property on August 15, 2011, and an Answer on September 3, 2011. Claimant Clifford B. Campbell filed a Verified Claim alleging an interest in the defendant property on August 18, 2011. Claimants Clifford B. Campbell and Celeste Campbell filed an Amended and Restated Verified Claim and an Answer on October 12, 2011. No other parties have filed claims or answers in this matter, and the time in which any person or entity may file a claim and answer has expired.

Based on the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

1. The Court adopts the Stipulation for Final Judgment of Forfeiture entered into by and between the parties to this action.

2. Claimants Clifford B. Campbell and Celeste Campbell paid the sum of $5,000.00 to the United States on August 23, 2012, as the substitute *res* in lieu of the defendant property. Claimant Tiana Ingram paid the sum of $10,000.00 to the United States on October 4, 2012, as the substitute *res* in lieu of the defendant property.

---

[1] Peter Fineberg was the former lien holder on the defendant property. His loan has been paid in full.

3. All right, title, and interest in the $15,000.00 shall be substituted for the defendant property and forfeited to the United States pursuant to 21 U.S.C. § 881(a)(7), to be disposed of according to law.

4. Within thirty (30) days of full payment of the $15,000.00, the United States shall record a Notice of Withdrawal of Lis Pendens against the defendant property.

5. The United States and its servants, agents, and employees and all other public entities, their servants, agents, and employees, are released from any and all liability arising out of or in any way connected with the filing of the Complaint and the posting of the defendant property with the Complaint and Notice of Complaint.  This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of or in any way connected with the filing of the Complaint and the posting of the defendant property with the Complaint and Notice of Complaint.  The parties waived the provisions of California Civil Code § 1542.

6. That pursuant to the stipulation of the parties, and the allegations set forth in the Complaint filed on July 8, 2011, the Court finds that there was reasonable cause for the posting of the defendant property, and for the commencement and prosecution of this forfeiture action, and a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465 shall be entered accordingly.

7. All parties are to bear their own costs and attorneys' fees.

8. The U.S. District Court for the Eastern District of California, Hon. Kimberly J. Mueller, District Judge, shall retain jurisdiction to enforce the terms of this Final Judgment of Forfeiture.

SO ORDERED THIS 16th day of October, 2012.

_____
UNITED STATES DISTRICT JUDGE

///

///

CERTIFICATE OF REASONABLE CAUSE

Based upon the allegations set forth in the Complaint filed July 8, 2011, and the Stipulation for Final Judgment of Forfeiture filed herein, the Court enters this Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the posting of the defendant property, and for the commencement and prosecution of this forfeiture action.

DATED:  October 16, 2012.

_____
UNITED STATES DISTRICT JUDGE

# EXHIBIT A

13991 Deadmans Flat Road, Grass Valley, California

THE LAND DESCRIBED HEREIN IS SITUATED IN THE STATE OF CALIFORNIA, COUNTY OF NEVADA, UNINCORPORATED AREA, AND IS DESCRIBED AS FOLLOWS:

LOT 25 AS GRANTED TO FRED LOUIS REINERO FROM THE UNITED STATES OF AMERICA IN THAT CERTAIN PATENT RECORDED AUGUST 3, 2005, INSTRUMENT NUMBER 2005-29784, OFFICIAL RECORDS, AND ALL THAT PORTION OF THE VULCAN QUARTZ LODE LOCATION OF FRANKFORT CONSOLIDATED QUARTZ CLAIM DESIGNATED AS MINERAL SURVAY NO. 4264, BEING LOCATED IN SECTION 6, TOWNSHIP 15 NORTH, RANGE 8 EAST, M.D.B.&M., DESCRIBED AS FOLLOWS:

BEGINNING AT A POINT ON THE NORTH LINE OF SAID SECTION 6, FROM WHICH THE NORTHEAST CORNER THEREOF BEARS NORTH 88 DEGREES 12' 20" EAST FOR A DISTANCE OF 375.01 FEET; THENCE FROM SAID POINT OF BEGINNING ALONG THE WEST LINE OF FRANKFORT LOCATION OF SAID MINERAL SURVEY NO. 4264, SOUTH 37 DEGREES 12' 55" WEST FOR A DISTANCE OF 560.27 FEET; THENCE NORTH 53 DEGREES 14' 37" WEST FOR A DISTANCE OF 305.88 FEET; THENCE NORTH 39 DEGREES 57' 58" EAST FOR A DISTANCE OF 322.52 FEET TO SAID NORTH LINE OF SAID SECTION 6; THENCE ALONG SAID NORTH LINE, NORTH 88 DEGREES 12' 20" EAST FOR A DISTANCE OF 373.71 FEET TO THE POINT OF BEGINNING.

APN: 53-180-28

TOGETHER WITH AN EASEMENT 40 FEET IN WIDTH FOR INGRESS AND EGRESS PURPOSES, AS SAID EASEMENT IS SHOWN AS "PROPOSED 40' ACCESS EASEMENT" OVER THE 3.00 AC. PARCEL OF LAND ADJACENT TO THE LAND HEREINBEFORE DESCRIBED TO THE SOUTHWEST AS SHOWN ON THE RECORD OF SURVEY MAP FILED ON FEBRUARY 5, 2008, IN BOOK 14 OF SURVEYS, AT PAGE 4.

Final Judgment of Forfeiture